IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-643-BO

| | |
|---|---|
| YOLANDA M. COLMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CAROLYN COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 22 & 24]. A hearing on this matter was held in Raleigh, North Carolina on August 28, 2014 at 2:00 p.m. The Commissioner appeared at the hearing via video feed. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Commissioner is REVERSED.

## BACKGROUND

On October 1, 2007, plaintiff protectively filed an application for disability benefits and supplemental security income ("SSI") with an alleged onset of disability date of November 11, 2006. Plaintiff suffers from chronic back pain, post traumatic stress disorder ("PTSD"), major depressive disorder, and hypertension. [Tr. 121]. Her claims were denied initially and upon reconsideration. On March 16, 2010, an Administrative Law Judge ("ALJ") held a hearing. [Tr. 274–85]. The ALJ found that plaintiff was not disabled within the meaning of the Social Security Act on May 17, 2010. On April 18, 2011, the Appeals Council remanded the case for a new hearing. [Tr. 209–13]. On September 27, 2011, a remand hearing was held before ALJ Allen.

[Tr. 307–24]. On May 24, 2012, ALJ Allen issued a second unfavorable decision. [Tr. 15–46]. Ms. Colmore again requested review of the decision by the Appeals Council, but this time it denied plaintiff's request for review, thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks review of that decision pursuant to 42 U.S.C. §§ 405(g).

After filing the instant case, plaintiff again filed for SSI benefits and was approved starting October 1, 2013. Ms. Colmore was 40 years old at the time of her alleged onset date. She has her GED and owns a forklift license. [Tr. 51–52, 384, 733–38]. Plaintiff has worked as a forklift operator, sewing machine operator, and food service worker. [Tr. 53–56, 380–81, 387–94, 430, 440–41, 447–64, 508].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments

significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Plaintiff alleges the ALJ erred by relying on Vocational Expert ("VE") testimony that conflicts with the Dictionary of Occupational Titles ("DOT"). Specifically, plaintiff alleges that the VE listed jobs that carry reasoning level requirements of 2 and 3, whereas the ALJ's limitation to simple, routine, repetitive work limits the possible jobs plaintiff can perform to reasoning level 1. The ALJ found plaintiff to have an RFC of light with sit/stand option and use of a cane for ingress/egress only. [Tr. 23]. Further, the ALJ found that plaintiff could occasionally climb ramps and stairs, bend, balance, stoop, crouch, crawl and kneel, but could never climb ladders, ropes, or scaffolds. [Tr. 23]. Finally, the ALJ limited plaintiff to performing simple, routine, repetitive tasks involving only occasional contact with the general public in a low production, low stress environment. [Tr. 23].

The Court finds that the ALJ erred, but in determining plaintiff's RFC, not in relying on the VE's testimony. Although the reasoning level of jobs and plaintiff's ability to perform them

3

with a limitation to simple, routine, repetitive tasks might be of some import in other circumstances, here it is insignificant because the substantial evidence in the record clearly demonstrates that plaintiff has no reasoning ability and that her psychiatric condition is such that she cannot work nor function in the national economy. Plaintiff suffers from PTSD and takes anti-psychotic medications which leave her feeling like a zombie. She has a long history of difficulty being around people and interacting with people. Plaintiff cannot perform even simple, routine, repetitive tasks. Further, the Commissioner approved her claim for SSI benefits that was filed after the initiation of this proceeding. Ms. Colmore clearly cannot interact with people or perform tasks that require such interaction or clear thinking. The commissioner found this to be so in September 2013, and it is clear from the evidence before this Court that plaintiff's limitation extends back to the time of alleged onset of disability November 11, 2006.

Because the court finds that plaintiff cannot perform any type of work due to her psychiatric condition, the Court reverses the decision of the Commissioner and remands the matter for an award of benefits.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v, Bowen*, 672 F .Supp. 230, 236 (E.D.N.C. 1987). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v.*

4

*Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)). Here, the ALJ clearly explained his reasoning behind his RFC determination; it was simply done in error. It is clear that the record does not contain substantial evidence to support a decision denying coverage.

## **CONCLUSION**

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the decision of the Commissioner is REVERSED. Accordingly, this case is REMANDED for an award of benefits consistent with this Order.

SO ORDERED.

This 3 day of September, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5